# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **JAMES MICHAEL DOWNEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 2:20-00153** |
| v. ) | |
| ) | |
| **RUSSELL MASTON,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 8), filed on April 3, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 8).

## PROCEDURE AND FACTS

**1.     Criminal Action No. 10-F-846:**

On September 17, 2010, the Grand Jury of Kanawha County, West Virginia, returned an Indictment against Petitioner charging him with one count of first-degree murder and one count of wanton endangerment. (Document No. 8-1.) On April 27, 2011, Petitioner pled guilty to one count of first-degree murder. (Document Nos. 8-2, 8-3, 8-4.) Pursuant to the terms of the Plea Agreement, the Circuit Court sentenced Petitioner to a term of life imprisonment "with the

possibility of parole after the defendant has served a minimum of fifteen (15) years, with credit for time spent in jail awaiting trial and conviction, which credit for time so spent in jail is two hundred ninety-nine (299) days." (Document No. 8-5.) The Circuit Court entered its Sentencing Order on May 3, 2011. (Id.) Petitioner did not file a direct appeal. Additionally, Petitioner never filed a Petition for *Writ of Habeas Corpus* with the Circuit Court of Kanawha County or the West Virginia Supreme Court of Appeals ("WVSCA").

2.  **Instant Section 2254 Petition:**

On February 27, 2020, Petitioner, acting *pro se*, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) As the sole ground for *habeas* relief, Petitioner appears to allege ineffective assistance of counsel. (Id.) Specifically, Petitioner states as follows: "This should have been argued as self-defense; I believe I was misrepresented by my attorney; Didn't want to file any appeals, motions, and orders." (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Certified Commitment" as entered by the Circuit Court of Kanawha County (Document No. 1-1); (2) A copy of Petitioner's "Penitentiary Commitment" (Document No. 1-2); (3) A copy of Petitioner's "Plea of Guilty" as filed on April 27, 2011 (Document No. 1-3, pp. 2 – 4.); (4) A copy of the Prosecuting Attorney's plea offer dated March 4, 2011 (Id., pp. 5 – 6, 14.); (5) A copy of the Notice of Hearing concerning Petitioner's Motion for Bail (Id., pp. 8 - 9.); (6) A copy of Petitioner's Indictment (Id., p. 10.); (7) A copy of Petitioner's "Motion for Bail" as filed on July 15, 2010 (Id., pp. 11 – 13.); and (8) A copy of the "State of West Virginia's Supplemental Discovery" (Id., pp. 15 - 16.).

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

By Order entered on February 28, 2020, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 5.) On April 3, 2020, Respondent filed his "Motion to Dismiss Petition as Untimely" and Memorandum in Support. (Document Nos. 8 and 9.) Respondent contends that the one-year limitations period began to run on September 3, 2011, which was four months from the date Petitioner's Sentencing Order was filed in the Circuit Court of Kanawha County. (Document No. 9, p. 4.) Respondent states that "Petitioner never filed a petition for writ of habeas corpus before either the Circuit Court of Kanawha County or the West Virginia Supreme Court of Appeal," and that the statute of limitations expired on September 2, 2012. (Id.) Next, Respondent contends that "Petitioner's lack of diligence in pursuing the state collateral remedies available to him does not excuse him from application of the one-year statute of limitations." (Id., p. 5.) Although Petitioner now claims that his attorney "didn't want to file any appeals, motions or orders," Respondent notes that "Petitioner could have filed a *pro se* petition for relief before the state court, just as he did before this Court." (Id.) Respondent argues that "[a] lack of diligence of this sort is exactly what the AEDPA's timeliness requirement is intended to combat." (Id., p. 6.) Finally, Respondent asserts that "Petitioner has not identified any relevant tolling doctrine or exception that applies to the over seven-year period between the triggering of the statute of limitations on September 3, 2011, and the filing of his Petition for Writ of Habeas Corpus on February 27, 2020." (Id.) Accordingly, Respondent requests that Petitioner's Section 2254 Petition be denied as untimely. (Id., p. 7.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment as filed on September 17, 2010 (Document No. 8-1); (2) A copy of the Plea Offer as signed by

3

Petitioner on April 11, 2011 (Document No. 8-2); (3) A copy of Petitioner's "Plea of Guilty" as filed on April 27, 2011 (Document No. 8-3); (4) A copy of the Circuit Court's Judgment Order as filed on April 27, 2011 (Document No. 8-4); (5) A copy of the Sentencing Order as filed on May 3, 2011 (Document No. 8-5); and (6) A copy of the Docket Sheet for Case No. 10-F-846 (Document No. 8-6).

On April 6, 2020, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss Petition as Untimely." (Document No. 10.) Petitioner has failed to file a Response.

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of

public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

>   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A).[2] Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal of his conviction in the WVSCA, and therefore, his conviction became

---

[2] Petitioner does not allege any impediments to filing, a newly recognized right, or a newly discovered fact that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) – (D).

final by the expiration of the time for seeking direct review, on September 5, 2011[3] (four months after Petitioner was sentenced in the Circuit Court of Kanawha County).[4] Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on September 6, 2011, and Petitioner had until September 5, 2012, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts. The one-year limitation period, however, expired on September 5, 2012, as Petitioner did not have a State *habeas* petition pending at any time between the date of his conviction through September 5, 2012. Petitioner filed his instant Section 2254 Petition on February 27, 2020, nearly 7 years and 4 months after the expiration of the limitations period. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in

---

[3] Although Respondent argues that Petitioner's conviction became final on September 3, 2011, the undersigned notes that September 3, 2011, was a Saturday. Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> **(1) Period Stated in Days or a Longer Unit.**
> When the period is stated in days or a longer unit of time:
> **(A)** exclude the day of the event that triggers the period;
> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[4] Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a]n appeal must be perfected within four months of the entry of the circuit court order in accordance with Rule 5 of the Rules of Appellate Procedure."

appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000). In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. Petitioner indicates that counsel "didn't want to file any appeals, motions and orders." This, however, does not constitute extraordinary circumstances justifying equitable tolling because Petitioner could have filed an appeal or *habeas* petition acting *pro se*, as he did in the instant action. Furthermore, a misunderstanding of the statutory limitation period, no matter how innocent it may be, does not

constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Finally, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed approximately 7 years and 4 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period. Accordingly, undersigned respectfully recommends that Respondent's "Motion to Dismiss Petition as Untimely" (Document No. 8) be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition as Untimely" (Document No. 8), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and **REMOVE** this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist

which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner, who is acting *pro se*, and to counsel of record.

Dated: December 18, 2020.

Omar J. Aboulhosn
United States Magistrate Judge